## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                         No. CR 08-1902 JB

JESUS PEREZ-PEREZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum of Incorporation of Government's New Plea Policy as to Sentence, filed October 3, 2008 (Doc. 15). The Court held a sentencing hearing on October 21, 2008. The primary issue is whether the Court should recompute Defendant Jesus Perez-Perez' guideline sentence to reflect the changes in the United States' recent "fast-track" plea policy. Because the United States Probation Office ("USPO") has issued an Addendum recalculating the advisory guideline range consistent with the new fast-track plea policy, and because the United States and Perez-Perez has entered into a new written plea agreement to reflect that the plea is pursuant to the United States Attorney's new fast-track plea program, the Court will grant Perez-Perez' request to sentence him to 10-months of incarceration.

## PROCEDURAL BACKGROUND

On May 31, 2008, Perez-Perez entered into a plea agreement pursuant to rule 11(c)(1)© of the Federal Rules of Criminal Procedure stipulating to a total offense level of 9. According to the original Pre-Sentence Investigation Report ("PSR"), after taking into consideration Perez-Perez' acceptance of responsibility and his "fast-track" plea, he has a total offense level of 9, a criminal

history score of 8, and a criminal history category of IV.[1]  The advisory guideline sentence is 12-18 months.

On September 16, 2008, the United States Attorney's Office for the District of New Mexico issued a new "fast-track" plea policy for illegal re-entry cases in the District of New Mexico.  The United States stated that this new policy would be effective, not only for future cases, but also for any illegal re-entry case eligible for "fast-track" treatment where a plea had been entered but the sentencing was pending.  Perez-Perez has entered a "fast-track" plea, but has not yet been sentenced.

On October 3, 2008, Perez-Perez submitted and filed a sentencing memorandum, requesting that the Court and the USPO incorporate the new plea and sentencing policy of the United States Attorney's Office.  Perez-Perez requested that the USPO recompute his guideline sentence to reflect the changes in the United States' recent "fast-track" plea policy.  With the change in the benefits granted because Perez-Perez accepted and entered into a "fast-track" plea, his offense level would be 8, thereby changing his guideline sentence to 10-16 months.

Taking into consideration that the Court would probably, under the original plea agreement, give Perez-Perez 12 months and a day, thereby making him eligible for good time, it appears that the sentence under the new plea policy would reduce his sentence by approximately six days.  Perez-Perez asks that the Court properly consider these factors in imposition of a reasonable sentence and incorporate the United States' amended plea policy into the guideline sentencing calculation, thereby resulting in a sentence of 10 months.  On October 3, 2008, the USPO issued an Addendum, agreeing that the guideline imprisonment range should be 10 to 16 months.

---

[1] In his Sentencing Memorandum, Perez-Perez incorrectly states that he is in a criminal history category of III.  A criminal history score of 8 places the criminal history category at IV.  This mistake does not affect the guideline imprisonment range based on the requested recalculation, which is 10 to 16 months.

## ANALYSIS

The Court will make adjustments to the offense level that are consistent with the United States Attorney's new Fast-Track plea program. As such, the offense level is 8. An offense level of 8 combined with a criminal history category of IV results in a guideline imprisonment range of 10 to 16 months. The Court will sentence Perez-Perez to a sentence of 10 months.

**IT IS ORDERED** that the Defendant's request in his Sentencing Memorandum that the United States Probation Office recompute his guideline sentence to reflect the changes in the United States' recent "fast-track" plea policy is granted.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Gregory J. Fouratt
  United States Attorney for the District
    of New Mexico
Kimberly A. Brawley
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jean A. McCray
Albuquerque, New Mexico

    *Attorney for the Defendant*